IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00331-KDB-DCK

| | |
|---|---|
| VIRGILIA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WIPRO LIMITED,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Wipro Limited's ("Wipro") Motion to Dismiss (Doc. No. 10) and Plaintiff Virgilia Rodriguez's Motion to Change Venue (Doc. No. 20). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** Defendant's Motion to Dismiss and **DENY** as moot Plaintiff's Motion to Change Venue.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor.

1

*See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II.    FACTS AND PROCEDURAL HISTORY

Wipro is a publicly traded technology and management consulting firm, and Rodriguez is one of its former management consultants. In June 2023, Rodriguez filed a Complaint in this Court alleging that Wipro wrongfully terminated her in violation of the Americans with Disabilities Act ("ADA"), 18 U.S.C. § 1348, and 15 U.S.C. § 1541A of the Sarbanes-Oxley ("SOX") Act after she engaged in "protected whistleblower" activity. *See* Doc. No. 32, Dkt. 3:23-cv-354. The Court resolved the case by dismissing Rodriguez's ADA and SOX claims without prejudice, and her § 1348 claim with prejudice. Rodriguez appealed to the Fourth Circuit, which affirmed the dismissal. In May 2025, Rodriguez filed this action, alleging that Wipro wrongfully terminated her in violation of SOX whistleblower protections pursuant to 5 U.S.C. §§ 702 and 704 and again under 18 U.S.C. § 1514A(c). Doc. No. 1.

The facts in both civil actions are materially identical and thoroughly set out by the Court in its previous Order granting Defendant's Motion to Dismiss under 12(b)(1) and 12(b)(6), *see* Doc. No. 52, Dkt. 3:23-cv-354, therefore the Court will not repeat them in full here. In brief summary, Rodriguez learned that one of the Wipro partners with whom she was working on a consulting project was listed as the Senior Vice President of Dauphine Equity Ventures, LLC ("Dauphine"), which allegedly offers services "identical" to Wipro. Doc. Nos. 1 ¶ 8; 1-4 at 17. Because she believed that involvement in outside LLCs violated company policy (she asserts that she had to prove divestiture of her own LLC as a condition of employment) she notified several superiors, including the Human Resources Manager and Vice President of Talent and Change of her concerns. *Id.* at ¶¶ 3, 9–10; *see also* Doc. No. 1-5. In June 2022, shortly after reporting the partner and his "suspicious entity," she was terminated. *Id.* at ¶ 3. Five months later, Rodriguez filed complaints with the Occupational Safety and Health Administration ("OSHA") and the

3

Securities and Exchange Commission ("SEC"), alleging that she was a whistleblower protected under SOX who had been wrongfully terminated for reporting the partner's misconduct. *Id.* at ¶¶ 7, 11, 13.

More specifically, in her November 2022 OSHA filing, Rodriguez alleged that after complaining to management about "unlawful conditions, conduct, or practices" she was wrongly terminated. Doc. No. 1-4 at 6–7. The next day, OSHA sent her a letter, explaining that it could not pursue an investigation because Rodriguez had not alleged involvement in a protected activity. Doc. No. 1-4 at 4. Around the same time, Rodriguez filed a complaint with the SEC, claiming to have been wrongfully terminated and denied severance after she notified company leadership that a company partner had a material interest in an LLC that provided "identical" services to Wipro. Doc. No. 1-4 at 17. She further alleged to the SEC that Dauphine had been defrauding investors of Wipro. *Id.* at 18. However, Rodriguez denied to the SEC that she was filing the complaint under its whistleblower program. *Id.* at 20. In any event, the SEC never responded to her complaint. Doc. No. 1 ¶ 7.

In November 2025, Wipro filed a Motion to Dismiss all of Plaintiff's claims. The motion has been fully briefed and is ripe for this Court's review.

### III. DISCUSSION

Congress enacted the whistleblower-protection provisions of the Sarbanes–Oxley Act of 2002 to safeguard employees of publicly traded companies from retaliation when they report conduct they reasonably believe constitutes criminal fraud or violations of federal securities laws. *Murray v. UBS Sec., LLC*, 601 U.S. 23, 27 (2024). Under 18 U.S.C. § 1514A(a), an employer may not "discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an

4

Case 3:25-cv-00331-KDB-DCK    Document 27    Filed 02/13/26    Page 4 of 8

employee in the terms and conditions of employment because of" protected whistleblowing activity. *Id.* at 26 (quoting § 1514A(a)).

Congress has vested primary responsibility for administering federal whistleblower protection statutes in the Department of Labor, which oversees roughly twenty such provisions. *Lawson v. FMR LLC*, 571 U.S. 429, 435 (2014) (citing 78 Fed. Reg. 3918 (2013). The Secretary has delegated the "investigatory and initial adjudicatory functions" for several of these statutes—including § 1514A—to OSHA. *Id.*

An employee who believes the employer has violated this provision may file a complaint with the Department of Labor and seek "reinstatement, back pay, compensatory damages, and other appropriate relief." *Id.* at 27 (citing §§ 1514A(b)(1)(A), (c)). If the Secretary of Labor does not issue a final decision within 180 days, the employee may then bring an action in federal court to obtain the same remedies. *Id.* (citing §§ 1514A(b)(1)(B), (c)).

As an initial matter, the Court will assume (without deciding) that OSHA's letter explaining it could not pursue an investigation on the facts alleged served as a final agency action and that Rodriguez otherwise exhausted her administrative remedies under § 1514A(b)(1)(A). Therefore, to state a SOX whistleblower claim, Rodriguez must plausibly allege: (1) she engaged in protected activity; (2) her employer "knew or suspected" that she engaged in protected activity; (3) she suffered an adverse employment action; and (4) the circumstances raise an "inference that [her] protected activity was a contributing factor in that adverse action." *Northrop Grumman Sys. Corp. v. United States Dep't of Labor, Admin. Review Bd.*, 927 F.3d 226, 229 (4th Cir. 2019) (citing 29 C.F.R. § 1980.104(e)(2)). *See also Feldman v. Law Enf't Associates Corp.*, 752 F.3d 339, 344 (4th Cir. 2014).

To demonstrate protected activity, the employee must plausibly allege both a "subjective belief and an objectively reasonable belief that the conduct she [reported] violated one of the six categories" enumerated in § 1514A(a)(1). *Id.* (citing *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008)). "Those categories are mail fraud, wire fraud, bank fraud, securities fraud, any SEC rule or regulation, or any federal law relating to fraud against shareholders." *Id.* Notably, all six categories concern fraud. *Id.* (citing *Livingston v. Wyeth, Inc.*, 520 F.3d 344, 351 n.1 (4th Cir. 2008)). As the Fourth Circuit has emphasized, this statutory limitation is critical. *Id.* SOX does not extend whistleblower protection to every employee complaint about potentially improper or even unlawful conduct. *Id.* Rather, the statute prohibits retaliation only when the employee provides information regarding conduct she reasonably believes falls within one of the six categories Congress specified in § 1514A(a)(1). *Id.* at 229–30 (citing *Villanueva v. U.S. Dep't of Labor*, 743 F.3d 103, 109 (5th Cir. 2014)).

"To satisfy the objective-reasonableness requirement, the employee must demonstrate that a reasonable person in h[er] position would have believed that the conduct constituted a violation." *Id.* at 234 (quoting *Livingston*, 520 F.3d at 352) (internal quotations omitted). Objective reasonableness does not require a whistleblower to plead, with particularity, every element of a fraud cause of action. *Id.* But the employee's belief must be evaluated based upon what is required to establish an enumerated fraud. *Id.* Several circuit courts, including the Fourth Circuit, have adopted this interpretation, concluding that a whistleblower's theory must at least approximate the basic elements of securities or shareholder fraud. *Id.* at 234–35. *See Rocheleau v. Microsemi Corp.*, 680 F. App'x 533, 535 (9th Cir.), *cert. denied*, 138 S. Ct. 166 (2017) (explaining that a whistleblower's theory is objectively reasonable only if it approximates the elements of securities fraud); *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 668 (4th Cir. 2015) (same);

6

*Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 n.6 (2d Cir. 2014) (noting that a reasonable belief cannot be "wholly untethered" from the statutory provisions at issue).

Wipro contends, and the Court agrees, that Rodriguez has not plausibly alleged that she engaged in a protected activity when she reported her colleague for his involvement with an LLC allegedly offering the same services as Wipro. Although Rodriguez claims to have mentioned "shareholder concerns" during her termination meeting—which Wipro rightly argues cannot be the basis for a wrongful termination given that the termination meeting was already in process at the point Rodriguez raised the issue—the Court will also assume that Rodriguez asserted the same concerns when she alleges reporting "suspicious activities" to HR and other department leaders prior to the termination meeting.[1] Doc. No. 1 ¶ 3. However, even generously construing Rodriguez's latest Complaint, the Court finds that the facts alleged fail to even approximate a claim for shareholder (or any other) fraud.

Shareholder fraud encompasses false or misleading representations of material fact made with the intent to deceive investors, coupled with shareholder reliance on those misstatements to their detriment. *Northrop,* 927 F.3d at 233 (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)). Rodriguez alleges only that a colleague was listed, on paper, as the senior vice president of an LLC, that the LLC offered services similar to Wipro's, that Wipro prohibited employees from such conduct, and that Wipro nevertheless represented that it complied with SEC whistleblower "mechanisms." *See* Doc. No. 1 ¶ 5. From these allegations, she concludes that Wipro engaged in shareholder fraud. But the facts, as pled, do not reflect the basic elements of such a claim, which requires allegations of: (1) "a material misrepresentation or omission," (2)

---

[1] Rodriguez also alleged that shareholders were being defrauded by Dauphine, the "suspicious" LLC in her SEC complaint. Doc. No. 1-4 at 18.

7

Case 3:25-cv-00331-KDB-DCK     Document 27     Filed 02/13/26     Page 7 of 8

"scienter, i.e. a wrongful state of mind," (3) "a connection with the purchase or sale of a security," (4) reliance or "transaction causation," (5) "economic loss," and (6) "loss causation, i.e., a causal connection between the material misrepresentation and the loss." *Dura Pharmaceuticals,* 544 U.S. at 341–42. Even generously construing the Complaint, Rodriguez at most alleges a material misrepresentation or omission by the partner rather than fraud.

Because Rodriguez has not plausibly alleged facts showing that a reasonable person in her position would believe that shareholder fraud had occurred, she has not plausibly alleged that she engaged in a protected activity. The Complaint therefore fails to state a claim upon which relief can be granted. Accordingly, Wipro's Motion to Dismiss will be granted. As Rodriguze has now unsuccessfully asserted the same claim—wrongful termination in violation of SOX whistleblower protections—under the same facts in two civil actions, the Court will dismiss her Complaint with prejudice.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** with prejudice;

3. Plaintiff's Motion to Change Venue (Doc. No. 20) is **DENIED** as moot; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: February 13, 2026

Kenneth D. Bell
United States District Judge