| | |
|---|---|
| VIRGILIA RODRIGUEZ, | |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| WIPRO LIMITED, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on pro se Plaintiff Virgilia Rodriguez's Motion to Vacate Order Under Rule 60 and the Federal Rules of Evidence (the "Motion") (Doc. No. 30), in which she asks the Court to amend or alter its Order granting Defendant Wipro Limited's Motion to Dismiss. The Court has carefully considered this Motion—which it construes as a motion for reconsideration—and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the Motion.

## I. LEGAL STANDARD

Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Pro. 60(a). Rules 59(e) and 60(b) permit a court to "alter or amend" or correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

1

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 59(e) governs requests to "alter or amend a 'judgment,'" which is defined by Rule 54(a) as "a decree and any order from which an appeal lies." *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a). "Rule 59(e) is ... applicable only to a final judgment," *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991), which of course includes an order dismissing an action.

The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019); *Hutchinson*, 994 F.2d at 1082. Finally, a district court's decision on a motion for reconsideration is reviewed "for abuse of discretion[,]" and the Fourth Circuit has noted that granting such a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

## II.     DISCUSSION

Rodriguez alleges that by reporting a colleague's participation in an outside venture, she engaged in whistleblower activity protected by the Sarbanes-Oxley Act ("SOX") and was wrongfully terminated in retaliation for making that report. In June 2023, Rodriguez filed suit

against Wipro asserting claims of wrongful termination in violation of the Americans with Disabilities Act, 18 U.S.C. § 1348, and 15 U.S.C. § 1541A. *See* Dkt. 3:23-cv-354. The Amended Complaint in that action was dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to exhaust administrative remedies under Rule 12(b)(1). After the Fourth Circuit affirmed dismissal, Rodriguez filed the present action, repeating materially identical allegations that she was wrongfully terminated in violation of SOX whistleblower protections. Doc. No. 1. This Court again dismissed the Complaint for failure to plausibly allege protected conduct, *see* Doc. No. 27, and Rodriguez now moves for reconsideration, asserting that the Court ignored multiple evidentiary rules in reaching its decision.[1]

Specifically, Rodriguez alleges the Court overlooked Federal Rules of Evidence 301, 403, 802, 1000(b), and 1006(a) when considering the Motion to Dismiss. It did not. The Federal Rules of Evidence have limited applicability at the 12(b)(6) stage, where the court's inquiry is confined to whether the complaint, taken as true for pleading purposes, states a plausible claim. The court does not resolve factual disputes, weigh evidence, or assess credibility on a motion to dismiss. *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the Court considers materials outside of the pleadings, Rule 12(d) requires conversion to a Rule 56 motion and notice to the parties; otherwise, the Court may consider only the complaint, documents incorporated by reference, matters subject to judicial notice, and documents integral to the complaint. *See Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435,

---

[1] Rodriguez's Motion also advances numerous grievances against Wipro, including that its defense is based on hearsay, it failed to provide her with discovery information she wanted, and that it ignored all the "evidence" she believes supports her position. Here, the Court is limited to the factors discussed above in connection with the Court's review of a motion to reconsider. Therefore, the Court does not reach the allegations against Wipro here.

448 (4th Cir. 2011) (explaining that if a district court considers materials beyond the complaint and or incorporated into the complaint, the court must convert the motion into one for summary judgment).

Therefore, the Court did not overlook or misapply the Federal Rules of Evidence; it applied the appropriate pleading standard and procedural rules governing consideration of materials outside the pleadings. Rodriguez has not shown any clerical error under Rule 60(a), nor has she alleged facts warranting relief under Rule 60(b). She also identifies no intervening change in controlling law, nor any clear legal error or manifest injustice that would justify relief under Rule 59(e). Accordingly, the Court will deny Rodriguez's Motion.[2]

### III.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Vacate Order Under Rule 60 and the Federal Rules of Evidence (Doc. No. 30) is **DENIED**; and

2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**
Signed: April 9, 2026

Kenneth D. Bell
United States District Judge

---

[2] To the extent Rodriguez contends the Court wrongly required proof of fraud to obtain SOX protection, she misreads the ruling. The Court held only that she failed to plausibly allege that she engaged in activity protected by SOX. *See* Doc. No. 27.